Common Pleas Court of Hamilton County.

CHARLES D. KANTER ET AL. V. CHARLES C. COHAN.

Decided May 24, 1929.

*Samuel Rotter,* for plaintiff in error.

*F. E. Burnett* and *Phineas S. Phillips,* for defendant in error.

DARBY, J.

The plaintiff below, Cohen, procured a judgment against

the defendants, Kanters, in the sum of $500, upon a bill of particulars which in substance alleges an employment by the defendants "to furnish advice and aid, in reference to the purchase by defendants" of real property, "and to help them secure the best price and terms of payment, in connection with the acquirement of said property." He alleges that he rendered services as above set forth, but defendants refused to proceed with the purchase of the property. He claims that $500 is a reasonable charge for his services.

The answer is in the nature of a general denial.

Cohen testified that he had an oral agreement with the Kanters, as set forth in his bill of particulars. His testimony (Bill of Exceptions, p. 3) was as follows:

"Mr. and Mrs. Kanter came over to see me at my home one evening. They told me that they were interested in a certain piece of property, and that they were thinking of buying it, and would I represent them and act as their broker to get it."

The rest of the testimony of the plaintiff relates to his efforts to procure the property, negotiations with the representative of the owner, and his efforts to procure the payment of his charge for services.

It is claimed that some other services were rendered, but they all pertained to the contract heretofore referred to.

The court will consider but one question, which is based upon the claim of Cohen that Sec. 8621 G. C. does not apply to the case, for the reason that plaintiff was employed to purchase, and not to sell. The court is of the opinion that that is too narrow a construction of the amendment to the statute of frauds. The clause inserted in the law pertaining to commissions upon real estate, is in these words :

"Nor upon an agreement, promise, or contract to pay any commission, for or upon the sale of an interest in real estate."

By adding that clause, it is required that any such

agreement, promise, or contract must be in writing, and signed by the party to be charged therewith, or some person authorized thereto.

Can the language, "for or upon the sale of an interest in real estate," be reasonably limited to claims by the agent for sale, and not to claims by the agent to purchase? Every sale of course implies a purchase. Did the legislature mean by this language, to say that the contract by the agent to sell the property, must be in writing or he may not procure a commission, but the contract of the agent to purchase the property need not be in writing?

The evil which the legislature was intending to prevent was the collection of commissions by real estate agents, in the absence of written contracts to pay commissions. Had the language been that the "agent of a seller" shall not receive a commission unless the contract is in writing, it might well be held that the language needs no construction, and must be enforced according to the plain terms of the statute.

The court being of the opinion that the section in question applies to the case of Cohen, as the agent for Kanters, the proposed purchasers of the property, and the contract being purely verbal, judgment for Cohen cannot be sustained.

The judgment of the municipal court is reversed, and this court now proceeding to enter the judgment which the municipal court should have entered, does give judgment in favor of the plaintiffs in error.